IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03186-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 75.71.171.23,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion and Memorandum for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [filed November 22, 2013; docket #7]. Plaintiff's motion is **granted in part** and **denied in part**.

    Plaintiff's motion alleges that the Doe Defendant, identified only by an Internet Protocol ("IP") address, has infringed on Plaintiff's copyrighted works by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected film. Plaintiff requests permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. The purpose of this discovery is to obtain additional information concerning the identity of the Doe Defendant.

    Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral. However, this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause. *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002). "Expedited discovery should be limited, however, and narrowly tailored to seek

information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-03075-CMA-BNB , 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citation omitted).

After review of the motion, the Court finds that Plaintiff establishes good cause for limited expedited discovery. Therefore, Plaintiff's motion is **granted in part** as follows. The Plaintiff may serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP with the limited purpose of ascertaining the identity of the Doe Defendant. The subpoena shall be limited to providing Plaintiff with the name, address, telephone number, and email address of the subscriber (Doe Defendant) to whom the ISP has assigned an IP address. With the subpoena, Plaintiff shall also serve a copy of this Order. The ISP shall notify the subscriber that his/her identity has been subpoenaed by the Plaintiff. Finally, the Court emphasizes that Plaintiff may only use the information disclosed in response to the subpoena for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautions Plaintiff that any improper use of this information may result in sanctions. Any other relief requested in the proposed order [docket #7-6] is **denied**.

Entered and dated at Denver, Colorado, this 25th day of November, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge